IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HILDEGARD M. MAY,**

    **Plaintiff,**

v.                                                 No. CIV 98-0562 LH/RLP

**SARA LEE CORPORATION; SARA LEE INC [sic];
SARA LEE HOSIERY, INC. [sic]; L'EGGS PRODUCTS,
INC. [sic]; and DEBBIE KMITCHIK,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Defendant Sara Lee Corporation's Motion for Judgment on the Pleadings (Doc. No. 24). For the reasons that follow, the Court finds that Defendant's motion is well taken and shall be **granted** and that this case shall be **dismissed with prejudice.**

    It is Defendant's position that Plaintiff's Complaint, Amended Complaint and Second Amended Complaint all purport to bring claims pursuant to Title VII of the Civil Rights Act of 1964 and pursuant to no other substantive statute or body of common law. Further, Defendant contends that Plaintiff's charges of discrimination filed with the New Mexico Human Rights Division and the Equal Employment Opportunity Commission (EEOC) alleged that she was discriminated against under the Americans with Disabilities Act ("ADA"), but did not raise the

issue of sex discrimination.  Defendant's first argument for dismissal is that Plaintiff's claim under the ADA, although filed with the New Mexico Human Rights Division and the EEOC, was not filed in Court in a timely fashion, and so her ADA claim must be barred.  It is Defendant's second argument for dismissal that because Plaintiff's Title VII claim was filed in this Court but never included in the Charge of Discrimination to the New Mexico Human Rights Division and the EEOC, it must be barred as well.  In other words, Defendant argues that Plaintiff has (1) failed to exhaust her administrative remedies under Title VII;  (2) failed to file a timely Title VII action; and (3) although Plaintiff properly filed her charge of discrimination under the ADA, she  failed to file a timely (or untimely, for that matter) lawsuit under the Americans with Disabilities Act ("ADA").

**Discussion**

Defendant seeks a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  This is appropriate if all the pleadings, viewed in the light most favorable to the non-moving party, show that the movant is entitled to judgment as a matter of law.  2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE  ¶12.38 (3d ed. 1999).

The pleadings in this case establish the following:  Plaintiff left the employ of Sara Lee on August 29, 1994.  As stated above, she dual-filed her Charge of Discrimination on November 14, 1994.  (Ex. A to Defendant's Answer to Sec. Am. Complaint).  On the relevant form, Plaintiff checked a box indicating that this charge of employment discrimination was filed under the ADA. For her "Statement of Discrimination" she stated:  "I believe I have been discriminated against because of my disability; in violation of the Americans with Disability Act of 1990." She did not check an available box that would have indicated a charge of discrimination under Title VII of the

Civil Rights Act of 1964.

On or about February 29, 1998, Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC. (Ex. 1, Plaintiff's Sec. Amended Complaint).

On May 13, 1998, Plaintiff filed her original Complaint in this Court. Paragraph I of the Complaint mentions the Civil Rights Act of 1964. Paragraph VI contains allegations that Plaintiff was suing on behalf of herself and others similarly situated who had been denied employment or harmed while employed at the corporation "because of sex on the grounds that they did not met the corporation's de facto physical standards for weight which have no reasonable bearing to legitimate physical requirements for sales personnel." The same paragraph again mentions "discrimination on the basis of sex." Paragraph XI alleges that Defendants deliberately and maliciously attempted to force Plaintiff to quit her employment because of her weight and stated further "[T]his policy has a desperate [sic] effect against weight disabled females and constitutes discrimination based on sex in violation of **42 USC Section 2000 e** [sic] **et seq.**" (*emphasis in original*). Paragraph XI also mentions that Plaintiff had exhausted all administrative remedies set forth in 42 USC 2000e-5 and attached a copy of the right-to-sue letter issued to her by the EEOC. In the "Wherefore" clause, Plaintiff requested that the Court "declare that the weight requirement used by Defendants is violative of federal law, specifically **42 USC 2000e-2(a),** in that it discriminates against women as a class." (*emphasis in original*). Plaintiff sought a permanent injunction, asking the Court to restrain Defendants from refusing to hire women solely on the basis of height and/or weight and directing Defendants to hire Plaintiff as an hourly employee, with all benefits to which she would have been entitled had she "not been wrongfully denied employment on the basis of sex."

On June 17, 1998 Plaintiff filed her Amended Complaint and on May 13, 1999 she filed her Second Amended Complaint. The factual allegations of the second and third complaints appear to be identical to those contained in the original complaint.

I have carefully read each of the three complaints and interpret them as purporting to state only a cause of action for sex discrimination under Title VII, pursuant to 42 U.S.C. § 2000, *et seq*. I read these complaints as alleging that Plaintiff was forced to resign because of her weight and that if women's appearance, weight-wise, did not meet Defendants' "de facto physical standards", they were discriminated against. Plaintiff's allegations are primarily sex-based, and make no reference of obese men, for example. These complaints do not contain the type of language, even under liberal notice pleading standards, that would alert a defendant to an ADA cause of action.[1]

## Title VII

It is well-settled that filing an EEOC charge is a condition precedent to filing a civil action under Title VII. *See* 42 U.S.C. § 2000e-5(f)(1); *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972). Further, a plaintiff who has filed a charge on one basis (for example, disability discrimination) may not litigate a claim that alleges discrimination on another basis (for example, sex discrimination). *See, e.g., Cheek v. Peabody Coal Co.,* 97 F.3d 200, 202 (7th Cir. 1996)(hostile environment claim not related to EEOC charge of disparate treatment in absenteeism and other benefits and could not be maintained in federal court).Complainants should make sure to allege sexual

---

[1] These complaints simply do not state a claim under the ADA. To state a claim under the ADA, a plaintiff must allege facts that will support a finding that her disability substantially limited one or more major life activities or that her employer regarded her as having such a disability. Plaintiff's failure to allege such facts precludes any argument that this lawsuit is brought under the ADA. *Burke v. Nalco Chemical Co.,* No. 96CV981, WL 411456 at *5 (N.D. Ill., July 18, 1996)(granting defendant's motion to dismiss when Plaintiff failed to allege she was disabled or that defendant regarded her as disabled).

4

harassment separately from any other unlawful employment practice. An EEOC charge should, at the very least, identify the parties and describe generally the challenged practice. 29 C.F.R. § 1604.12(b); *See Waiters v. Bosch Corp.*, 683 F.2d 89, 92 (4th Cir. 1982)(charge found sufficient where it identified the nature of the discrimination, the date of the discriminatory act and the circumstances supporting the charge). Because Plaintiff did not file a sex discrimination charge, or indicate Title VII in any way on the Notice of Charge of Discrimination, her sex discrimination lawsuit shall be dismissed for failure to exhaust administrative remedies.

In determining whether the current allegations fall within the scope of the earlier charges, the Court looks at whether they are "like or reasonably related to" those contained in the EEOC complaint. *Harper v. Godfrey Co.,* 45 F.3d 143, 148 (7th Cir. 1995). I conclude that these sexual discrimination type allegations do not fall within the scope of the earlier ADA charges under this criteria.

Further, this failure to file a Title VII charge means that the lawsuit is untimely. The statute governing complaint procedures requires that a formal charge be filed with the EEOC office within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). According to the facts of this case, Plaintiff has not yet filed a formal charge alleging discriminatory conduct under Title VII. Because Plaintiff did not file a charge alleging Title VII sex discrimination within 300 days of her discharge--- indeed has never filed a Title VII charge — her sex discrimination claim and therefore this Title VII lawsuit are untimely as well.

**ADA**

To have timely filed an ADA claim following her Notice of Charge of Discrimination

5

under the ADA, Plaintiff must have filed suit within 90 days of receipt of the Notice of Right to Sue. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). As stated above, the Notice of Right to Sue was issued in May of 1998 and the only complaint filed subsequently was pursuant to Title VII. In other words, Plaintiff still has not filed an ADA lawsuit, and certainly did not do so within 90 days of receipt of her Notice of Right to Sue. Because this 90 day requirement was not met, Plaintiff is forever barred from filing based on the allegations contained in that charge. *See, e.g., Simons v. Southwest Petro-Chem, Inc.*, 28 F.3d 1029 (10th Cir. 1994).

## Conclusion

There is simply no legal theory under which the Plaintiff's lawsuit can survive. She may not proceed under Title VII because of her failure to exhaust her administrative remedies and because of untimeliness. Even if she were to sue under the ADA (which I concluded she has never attempted to do), an ADA lawsuit would also be untimely.

**WHEREFORE,** for these reasons, Defendant's Motion for Judgment on the Pleadings shall be **granted and this case shall be dismissed with prejudice.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**